UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. HARLSTON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00776 AGF |
| | ) | |
| OFFICE OF PERSONNEL MANAGEMENT and MERIT SYSTEMS PROTECTION BOARD, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This action is before the Court on Defendants' Motion to Dismiss Plaintiff Michael W. Harlston's Amended Complaint for lack of subject matter jurisdiction. For the reasons set forth below, the motion shall be granted.

## **BACKGROUND**

Plaintiff, a former United States Postal Service employee appearing pro se, brought this action against the Office of Personnel Management ("OPM") and the Merit Systems Protection Board ("MSPB") claiming that Defendants violated his Fourteenth Amendment right to due process when they denied his application for disability retirement benefits under the Civil Service Retirement System ("CSRS"). Plaintiff states in his Amended Complaint that he filed a timely application with OPM for disability retirement benefits and was "met with OPM's constructive denial," in violation of his due

process rights. (Doc. #7 at 5.) Attached to Plaintiff's Amended Complaint is the Order from the United States Court of Appeals for the Federal Circuit dated March 27, 2009, denying his motion for reconsideration. (Doc. #1-1.) The Order states that Plaintiff appealed OPM's decision to the MSPB, which upheld OPM's decision on November 14, 2008; and that Plaintiff then appealed the MSPB's decision to the Federal Circuit which dismissed his appeal for untimeliness on February 2, 2009. (Doc. #1-1 at 12-13.) In his Amended Complaint, Plaintiff argues that the Federal Circuit's decision was "arbitrary" and denied him due process. (Doc. #7 at 6.)

Defendants argue that Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction because the Federal Circuit has exclusive jurisdiction over Plaintiff's claims pursuant to the statutory scheme created by 5 U.S.C. §§ 8347(a), (b), and (d)(1) (OPM decisions may be appealed to the MSPB); 5 U.S.C. § 7703(b)(1) (petition for review of a final order or decision of the MSPB shall be filed in the Federal Circuit); and 28 U.S.C. § 1295(a)(9) (the Federal Circuit has exclusive jurisdiction to review final decisions or orders of the MSPB). Defendants argue that after Plaintiff's motion for reconsideration was denied by the Federal Circuit, Plaintiff's only recourse was to appeal to the United States Supreme Court, pursuant to 28 U.S.C. § 1254.

In response to Defendants' Motion to Dismiss, Plaintiff repeats his argument that Defendants set up a "constructive denial process to deny plaintiff entitlements that are due him." (Doc. #39.) Defendants reply that "Plaintiff's Response . . . fails to raise any legal argument that would warrant denial of the Government's motion." (Doc. #40.) In a

2

sur-response, Plaintiff states that Defendants never addressed Plaintiff's Complaint on its merits, and asks in the alternative that this Court transfer his case to the United States Supreme Court. (Doc. #41 at 2.)

**DISCUSSION**

Rule 12(b)(1) of the Federal Rules of Civil Procedure states that a party may file a motion to dismiss when the court lacks subject matter jurisdiction to hear the case. A plaintiff has the burden of establishing that subject matter jurisdiction exists. Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006). This Court recognizes that "pro se complaints are to be construed liberally." See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Nevertheless, pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law. Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (citation omitted).

Here, upon review of the relevant statutes and case law, the Court concludes that it does not have subject matter jurisdiction over Plaintiff's case. Even construed liberally, Plaintiff's pleadings seem to be an attempt to re-litigate the merits of his case, with no mention of how this Court has jurisdiction over the matter. Plaintiff correctly filed his appeal of the MSPB's adverse decision in the Federal Circuit, pursuant to 5 U.S.C. § 7703(b)(1). Because the Federal Circuit has exclusive jurisdiction over appeals of MSPB decisions under 28 U.S.C. § 1295(a), this Court lacks subject matter jurisdiction to hear Plaintiff's case. See Hunter v. Springer, 216 F. App'x 602, 602-03 (8th Cir. 2007) (finding that the district court was correct in dismissing the plaintiff's suit seeking

retirement and health benefits under the CSRS, for lack of subject matter jurisdiction, because the Federal Circuit has exclusive jurisdiction over MSPB decisions). As Defendants assert, Plaintiff may only obtain review of the Federal Circuit's decision in the United States Supreme Court. 28 U.S.C. § 1254 ("Cases in the courts of appeals may be reviewed by the Supreme Court."). In sum, this Court is without subject matter jurisdiction to review decisions of the MSPB. Furthermore, 28 U.S.C. § 1631 does not confer authority upon this Court to transfer this action to the United States Supreme Court; as such, Plaintiff's request that this Court do so is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED** and this case is **DISMISSED** without prejudice. [Doc. #35]

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2010